FILED ___ ENTERED
____ LOGGED _____ RECEIVED

3:10 pm, Sep 23 2024
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____cm_____ Deputy

EEN: USAO 2024R00265

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 8:24-mj-02360-TJS |
| | * | |
| **DARIAN SMITH,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### I.  Introduction

1.      I am a Special Agent (SA) with the U.S. Postal Service (USPS) Office of Inspector General (OIG). I have been employed with the USPS OIG since June 2006. As part of my duties, I investigate a wide variety of violations of federal criminal laws, including violations of Title 18, United States Code Sections 1701 (Obstruction of mail); 1703 (Delay or destruction of mail or newspapers); and 1709 (Theft of mail matter by officer or employee). My law enforcement training and experience has included the preparation, presentation, and service of criminal complaints, arrest warrants, and search warrants. I have experience in, and have received training in, general law enforcement, criminal investigations, and mail theft and financial fraud investigations.

2.      This affidavit is submitted in support of a summons and criminal complaint charging **DARIAN SMITH ("SMITH")** with ten counts of knowingly and willfully opening mail not directed to him in violation of Title 18, United States Code Section 1703.

3.      The facts and information contained in this affidavit are based on my personal knowledge and observations made during the course of this investigation, information provided to me by other law enforcement personnel, information provided by witnesses, and/or a review of records and documents. I have not included every fact known to me about this investigation, but rather only those facts that are sufficient to establish probable cause.

### II.  Details of Investigation & Probable Cause

4.      The defendant, **SMITH,** was employed by the United States Postal Service, California Post Office, California, Maryland 20619, as a rural carrier associate. The defendant's responsibilities included the sorting, handling, organizing, and delivering of mail in California, Maryland.

5.      On March 6, 2024, a customer ("V-1") on **SMITH's** route reported that two business checks were stolen from her mail and had been fraudulently cashed. The first check was

EEN: USAO 2024R00265

outgoing for $1,000 and had been mailed out by V-1 on December 14, 2023, from a locked mail deposit slot at her office in California, Maryland. The check did not reach its destination and was instead cashed on January 17, 2024 and deposited into the bank account of "Darian Smith." The second check was incoming and had been mailed on January 10, 2024 from an individual in Connecticut to V-1's office in California, Maryland. That check was written for $5,585.84 and was not received by V-1. Instead, it was cashed on December 23, 2024, and deposited into the bank account of "Darian Smith."

6.      On March 7, 2024, the California Post Office Postmaster ("W-1") told me that **SMITH** was a long-term substitute carrier for USPS Rural Route-5 starting in December 2023 and that **SMITH's** route included V-1's office. W-1 further stated that **SMITH** had told W-1 that he recently placed a $6,000 down payment on a new Ford Mustang. W-1 thought this was unusual because **SMITH** had bought a new Volkswagen Passat the previous year. W-1 also stated that **SMITH** had recently asked W-1 what would happen to his direct deposit paycheck from USPS if he closed his bank account.

7.      On March 13, 2024, an OIG Agent and a Postal Inspector interviewed **SMITH**. **SMITH** was advised of his Garrity rights, which he waived. **SMITH** admitted that he had removed V-1's checks from the mail stream and that he had deposited the checks into his own bank account through mobile deposit. **SMITH** told the agent and the Inspector that he had stolen and deposited at least five checks totaling approximately $15,000 to $20,000. **SMITH** then provided a sworn statement in which he acknowledged he was wrong and stated that he wanted to pay back the money that he stole.

8.      **SMITH** then spoke with W-1 and filled out a PS Form 2574 USPS resignation form to resign from the USPS.

9.      On March 14, 2024, another customer ("V-2") on **SMITH's** route reported that he had a check stolen from the mail stream in January and that it had been deposited into the PNC bank account of "Darian Smith."

10.     On May 14, 2024, I reviewed bank records for **SMITH's** PNC Bank account which I had obtained by subpoena. **SMITH's** bank records showed that, between September 28, 2023 and February 26, 2024, **SMITH** had attempted to make ten separate deposits, six by mobile deposit and four by ATM. Specifically, the bank records showed that **SMITH** had attempted to deposit ten checks totaling $84,989.90. Of that total, **SMITH** successfully deposited $22,317.78 into his PNC Bank account. The remainder of the checks were rejected by PNC Bank.

11.     Based on the foregoing, I respectfully submit that there is probable cause to believe that **DARIAN SMITH** removed ten business checks from the mail without authorization, in violation of Title 18, United States Code Section 1703. Therefore, I respectfully request that a summons and criminal complaint be issued for the defendant.

EEN: USAO 2024R00265

I hereby certify that the above affidavit is true to the best of my knowledge and belief.

_____
S.A. Robert Emmons, USPS OIG

Affidavit submitted by email and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1 and 4(d) this 23rd day of September, 2024.

_____
Timothy J. Sullivan
Chief United States Magistrate Judge

3